NEW-YORK PRACTICE REPORTS. 543

The Sixpenny Savings Bank agt. Strong and others.

# SUPREME COURT.

THE SIXPENNY SAVINGS BANK agt. SLOAN, and LEGGETT and WIFE, and others.

To authorize the court to strike out a demurrer to a complaint as *frivolous*, its insufficiency as a pleading must be so apparent that the court can determine it upon bare inspection, without argument.

*New-York Special Term, May,* 1856.

MOTION to strike out a demurrer to complaint as frivolous.

J. OAKEY, *for plaintiff.*

SHEPHERD & PARSONS, *for defendants.*

WHITING, Justice.   The complaint is, to foreclose a mortgage.   It alleges that Sloan and Leggett, on the 7th Dec., 1854, made and executed a bond and mortgage, covering real estate in this city, to E. F. Purdy, to secure the payment of $40,000, payable in four several instalments of $10,000 each.   There is a clause in the bond, that on failure to pay the interest when due, the whole principal shall be collectable.   That the three first instalments are due by lapse of time, and the remainder on account of the non-payment of interest.   That Purdy, in December, 1854, sold, transferred and assigned *so much* of said bond and mortgage, and of the moneys secured thereby first to be received thereon, as should be sufficient to pay the plaintiffs $25,094.65, with interest, and that the residue, as they are informed and believe, belongs to the people of this state.   Sloan and Leggett being insolvent, made an assignment to Wright and Purdy for the benefit of creditors, who are in possession of the mortgaged premises.   The people of this state are made defendants.   Wright and Purdy demur to the complaint, and assign five causes.

1. A defect of parties.   2. That the people should have been made plaintiffs.   3. That the complaint does not state

facts sufficient to constitute a cause of action. 4. That the complaint does not show that the plaintiffs are *owners* of the bond and mortgage. 5. That the bond and mortgage cannot be severed so as to give several and separate rights of action therein *to different persons or parties.*

Each of these causes may be well taken: they are, at least, worthy of serious examination. The rule is, that the court will not strike out a demurrer as frivolous, unless it clearly appears to be taken 'merely for the purpose of delay, or unless the grounds stated in it are clearly untenable. Its insufficiency, as a pleading, must be so apparent that the court can determine it upon bare inspection without argument.

It is very questionable whether the people should not have been made plaintiffs, or some reason given in the complaint why they were made defendants; and still more so, whether the moneys secured by a bond and mortgage can be assigned away in portions so as to give a separate and distinct right of action to different parties.

Motion denied, with costs to abide the event of the demurrer.